IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STACI CHRISTENSEN, an individual; RYAN WEAKLY, an individual; AND DISABILITY LAW CENTER, a Utah nonprofit corporation, and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Joseph Miner, Executive Director of the Utah State Department of Health; Nathan Checketts, Director of Utah Division of Medicaid and Health Financing; Ann Williamson, Executive Director of Utah State Department of Human Services; Angie Pinna, Director of Utah Division of Services for People with Disabilities; Utah Department of Health; Utah Division of Medicaid and Health Financing; Utah Department of Human Services; and Utah Division of Service for People with Disabilities,<br><br>Defendants. | **ORDER GRANTING JOINT MOTION FOR (1) APPROVAL OF SETTLEMENT AGREEMENT AND CLASS NOTICE, (2) APPOINTMENT OF MONITOR, AND (3) STAY OF PROCEEDINGS**<br><br>Case No. 2:18-cv-0037<br><br>The Honorable Dale A. Kimball<br><br>Magistrate Judge Evelyn J. Furse |

## ORDER

On May 13, 2019, the parties filed their Joint Motion for, (1) Approval of Settlement Agreement and Class Notices, (2) Appointment of Monitor, and (3) Stay of Proceedings (the "Joint Motion"). In support of the Joint Motion, the Parties also submitted a Settlement Agreement and Working Plan executed March 29, 2019 (together the "Settlement Agreement").

In light of the foregoing, and for good cause showing, the Court hereby MAKES THE FOLLOWING FINDINGS OF FACT:

1. For the purposes of this Order, unless expressly indicated otherwise, the Court adopts and incorporates by reference all terms defined in the Joint Motion (as defined above).

2. The Parties have asked the Court to (a) preliminarily approve the Settlement Agreement and Working Plan entered into between Plaintiffs and Defendants as fair, reasonable, and adequate; (b) approve the proposed "Notice of Proposed Class Action Settlement" to class members; and (c) schedule a fairness hearing under Federal Rule of Civil Procedure 23(e) to determine with finality whether the Settlement Agreement and Working Plan are fair, reasonable, and adequate; and (d) approve the Settlement Agreement, appointing Claudia Schlosberg as the Monitor, and staying all proceedings in this action during the five-year term of the proposed Settlement Agreement.

3. The Parties seek all such relief in recognition of the fact that Plaintiffs have filed an Unopposed Motion for Settlement Class Certification. It is the Parties' intent that the Settlement Agreement and Working Plan be approved for the entire proposed Class.

4. The proposed Settlement Agreement is the product of over one year of negotiation and revision involving the DLC and all of the Defendants, with the assistance of a joint consultant. It has been approved by Gary Herbert, the Governor of Utah. It was also presented in the 2018–2019 legislative session, where it was approved by a joint resolution of the Utah Legislature.

5. The Settlement Agreement does not grant any preferential treatment to class representatives or segments of the class—the substantive benefits of the Settlement Agreement will apply equally among class representatives and class members.

NOW THEREFORE, THE COURT ORDERS AS FOLLOWS:

6. The Court incorporates its Order certifying Plaintiffs' proposed class of all persons with an intellectual and/or developmental disability who are eligible for Medicaid, reside in a private ICF in Utah on or after January 12, 2018 and prior to the termination of this lawsuit, has "expressed an interest" in living in the community, and is capable of living in the community.

7. The proposed Settlement Agreement is preliminarily approved as fair, reasonable, and adequate. The Court will hold a hearing on October 17, 2019, at 3:00 p.m. to determine with finality whether the proposed Settlement Agreement is fair, reasonable, and adequate (the "Fairness Hearing").

8. The proposed "Notice of Proposed Class Action Settlement" is approved because it will reasonably and appropriately apprise Class members of their rights and obligations with respect to the Settlement Agreement and the Fairness Hearing.

9. Consistent with the methods proposed in the Joint Motion, the Parties will issue the Notice of the Proposed Class Action Settlement to all Class members who can be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the Settlement Agreement meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other

applicable law, constitutes the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons and entities entitled thereto.

10. Attorney fees leading to the approval and implementation of the Settlement Agreement shall be born by the respective Parties.

11. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of Settlement Agreement or Working Plan

DATED May 17, 2019.

Honorable Dale A. Kimball
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM:

/s/ Juliette P. White
Juliette P. White
Cedar Q. Cosner
PARSONS BEHLE & LATIMER

Laura Henrie
Mary Anne Davies
Nate Crippes
DISABILITY LAW CENTER
*Lead Counsel for Plaintiffs*

OFFICE OF THE UTAH ATTORNEY GENERAL

/s/ David N. Wolf
DAVID N. WOLF
LAURA K. THOMPSON
TONY PATTERSON
ANDREW DYMEK
Assistant Utah Attorneys General
*Counsel for Defendants*

4843-7436-7382v1